PER CURIAM.
This appeal involves the interpretation of N.J.S.A. 54:1-35a to - 35c (Chapter 123) and N.J.S.A. 54:51A-6, and its application to the valuation of a single parcel in a multi-parcel economic unit, where the economic unit spans two municipalities situated in two separate counties. Chapter 123 requires a comparison of two ratios: (1) a property’s assessed valuation to its true value, and (2)' the taxing district’s “average ratio” of assessed to true value of real property, as determined and published annually by the Director of the Division of Taxation. Under Chapter 123, if the subject property’s ratio falls outside the acceptable range of plus or minus 15% of the average ratio for that taxing district, then the taxpayer is entitled to relief.
Plaintiff Jaydor Corporation challenged its assessment by the defendant, Township of Millburn, located in Essex County, as to one lot of a five lot economic unit, but did not challenge assessments as to its two other Millburn lots or its two lots in the Township of Springfield, located in Union County. The economic unit consisted of a warehouse, office and parking lots.
*657 Judge Small considered three alternative methodologies which harmonized the application of Chapter 123 with the competing legislative concerns, interests of the taxing entities and differences in the Chapter 123 ratios. Jaydor Corp. v. Millburn Township, 17 N.J.Tax 378, 387-390 (Tax 1998). For the first approach, Judge Small totaled the actual assessments on each of the five lots and divided that total by the value of the single economic unit. Id. at 387, app. at 389-390 col. 2. The second approach was similar, except that the actual assessments for the Springfield lots first were converted to Millburn equivalents, by dividing the assessments by Springfield’s Chapter 123 average ratio to establish an imputed fair market value of the Springfield lots, then multiplying that value by Millburn’s average ratio. Id. at 382, 387, app. at 389-390 col. 4.
For the third approach, the judge divided the assessment of the warehouse lot by the difference between the warehouse lot’s value and the imputed values of the four unappealed lots. Id. at 386-387, app. at 389-390 col. 3. The judge then calculated the imputed fair market values of the four unappealed lots by dividing the assessed value of each lot by the average ratio of that lot’s municipality. Id. at 386-387, app. at 390 col. 3 n. 3.
On appeal, plaintiff asserts that the Tax Court unconstitutionally applied Chapter 128 and failed to apply N.J.S.A. 54:4-25, since two taxing districts were involved. Plaintiff cogently observed at oral argument that, if we view our review function here to be one of determining whether the record was supported by substantial credible evidence, reliance on the judge’s evaluation of the credibility of the witness and a consideration of the agency’s expertise, see G & S Co. v. Borough of Eatontown, 6 N.J.Tax 218, 220 (App.Div.1982) (noting that “[s]ince the judges assigned to the New Jersey Tax Court have special expertise, we will not disturb their findings unless they are plainly arbitrary or there is a lack of substantial evidence to support them”), then his position could not be sustained. We find no basis for deviating from that standard in this case. We observe that the factual circumstances of this case, while unusual, required an appropriate and pragmatic appli *658 cation of the existing and relevant statutory scheme. Judge Small did exactly that, and, after a careful review of the record, we conclude that plaintiffs arguments are indeed without merit.
Accordingly, we affirm substantially for the reasons set forth in Judge Small’s thoughtful and thorough written opinion reported at 17 N.J.Tax 378 (Tax 1998).
Affirmed.